(No. 3975— )

MERNA MAE ARCHER, WIDOW OF MARVIN C. ARCHER, DECEASED, AND JUDITH MAE ARCHER, A MINOR, BY AND THROUGH HER MOTHER AND NEXT FRIEND, MERNA MAE ARCHER, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1946.*

NOBEL G. JOHNSON, for claimants.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

Marvin C. Archer was formerly employed by the Department of Public Safety, as a State Highway Policeman. About 6:45 A. M. on the morning of June 18, 1946 while in the company of another State Highway Policeman at Paxton, Illinois, he was shot by a person seated in an automobile, which had been halted by him and his fellow officer in order to question the driver for identification. Death occurred almost instantly. Archer left surviving him his widow, Merna Mae Archer, and his daughter, Judith Mae Archer, a minor, three years of age, the claimants herein. They seek an award for $5,340.00 as provided under Section 7 (a) of the Workmen's Compensation Act, for the death of Mr. Archer.

The record in this case consists of the complaint, copy of the coroner's jury verdict, waiver of brief, statement and argument on behalf of both the claimant and respondent through their respective attorneys, report of the Department of Public Safety and a stipulation that said report shall constitute the record in the case.

The report substantiates the allegations in the complaint and further states that Mr. Archer was 31 years of age at the time of his death, resided in Paxton, Illinois, was first employed by the respondent in the Department of Public Safety, Division of State Police on December 17, 1941; that on November 28, 1943 he obtained a leave of absence in order to join the military forces of the United States and after being honorably discharged reentered the employment with the Division of State Police on February 1, 1946 and at the time of re-entry of employment he received a salary of $213.00 a month. It likewise shows that Highway Policemen having the same

classification as Mr. Archer received an annual salary of $2,556.00 during the year next preceding June 18, 1946.

On this record we make the following findings:

That at the time of the accident employer and employee were operating under the provisions of the Workmen's Compensation Act of this State and notice of the accident and claim for compensation were made within the time required by Section 24 of the Act; that the accident arose out of and in the course of decedent's employment.

The claimant is entitled to an award under the Workmen's Compensation Act in the amount of $5,340.00 as provided in Paragraph (A, H & K) of Section 7 of said Act.

An award is therefore made in favor of the claimants, Merna Mae Archer, widow, and Judith Mae Archer, minor child, of deceased in the sum of $5,340.00.

Of this amount the sum of $378.00 accrued on November 12, 1946 and is payable forthwith. The remainder amounting to the sum of $4,962.00 is payable in weekly installments of $18.00 per week beginning November 19, 1946 for a period of 275 weeks with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this cause is specifically reserved for the entry of such orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."